# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ROBERT F. KENNEDY JR., *et al*., <br><br> *Defendants*, <br><br> and <br><br> TEVA PHARMACEUTICALS USA, INC. and SALIX PHARMACEUTICALS, INC. <br><br> *Intervenor-Defendants*. | Case No. 1:25-cv-00091 |

## CROSS-COMPLAINT

Intervenor-defendant Salix Pharmaceuticals, Inc. ("Salix") files this cross-complaint against Defendants Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services, Dr. Martin A. Makary, in his official capacity as the Commissioner of Food and Drugs, and the United States Food and Drug Administration (collectively "FDA").

## NATURE OF ACTION

1. Salix is the holder of New Drug Application ("NDA") Nos. 021361 and 022554 for 200 mg and 550 mg rifaximin tablets, which it manufactures, markets, and sells under the brand name XIFAXAN®. FDA has approved XIFAXAN® 550 mg for irritable bowel syndrome with diarrhea ("IBS-D") and hepatic encephalopathy ("HE"), and XIFAXAN® 200 mg for traveler's diarrhea ("TD").

2. In this case, Norwich seeks immediate final approval of its Abbreviated New Drug Application No. 214370 ("'370 ANDA") for its 550 mg and 200 mg generic rifaximin products.

3. FDA concluded it could not grant immediate final approval of Norwich's '370 ANDA because another generic manufacturer—Actavis Pharmaceuticals ("Actavis")—is entitled to an unexpired period of 180-day exclusivity pursuant to 21 U.S.C §355(j)(5)(B)(iv).

4. Two additional barriers prevent Norwich from receiving immediate approval:

   a. When it filed its '370 ANDA, Norwich made Paragraph III certifications, including to U.S. Patent No. 7,928,115 ("the '115 patent"). By making those Paragraph III certifications, Norwich represented it would not seek approval of the '370 ANDA before the expiration of the underlying listed patents, including the '115 patent. The '115 patent expires in July 2029.

   b. In May 2024, Norwich amended the '370 ANDA to include the 550 mg product. As part of that amendment, Norwich added Paragraph IV certifications to patents applicable to the 550 mg product, including U.S. Patent Nos. 11,564,912 and 11,177,571 (the "'912 patent" and "'571 patent," respectively), asserting that those patents were not infringed, invalid, or unenforceable. Salix timely filed a lawsuit based on Norwich's Paragraph IV certifications to the '912 and '571 patents. When such a lawsuit is filed, FDA generally cannot grant final approval for a period of 30 months (known as a "30-month stay").

5. FDA has taken contradictory positions on those issues. It has indicated that: (a) a 30-month stay does not apply to approval of the 550 mg product because Salix's lawsuit was based on patents listed after Norwich originally submitted the '370 ANDA *for the 200 mg product* (but before the addition of the 550 mg product), while (b) the Paragraph III certifications in the '370 ANDA do

not block approval of Norwich's 550 mg product because those certifications apply only to the *200 mg product*.

6. Both assertions cannot be true. Either Norwich's submissions for approval of the 550 mg and 200 mg products submitted within the '370 ANDAs are separate "applications," in which case the 30-month stay applies, or they are one "application," in which case the Paragraph III certifications for the 200 mg product blocks approval of the entire "application", *i.e.*, both 200 mg and 550 mg, until 2029.[1]

7. FDA also acknowledges that its current position on 30-month stays contradicts its prior policy and decision-making, yet it has failed to sufficiently address the reliance interests its previous policy engendered.

8. Norwich is now seeking relief from the D.C. Circuit that would effectively foreclose FDA's ability to address those critical issues that determine when Norwich's ANDA can be approved. For the first time on January 2, 2026, Norwich asked the D.C. Circuit to "reverse with direction for the district court to grant Norwich summary judgment, issue the mandate forthwith, and order FDA to act on Norwich's '370 ANDA within 14 days of issuance of the mandate." Norwich Supp. Br. at 22 (Dkt No. 2152642); *see also* Norwich Supp. Reply Br. at 11 (Dkt No. 2156703).

9. Norwich's proposed directive and timing would prevent FDA from adequately reconciling its positions and determining whether immediate approval of Norwich's ANDA is blocked by a 30-month stay, Norwich's Paragraph III certification, or both.[2]

10. To protect its rights, Salix therefore files this cross-complaint pursuant to the Federal Food,

---

[1] Norwich's application also may be blocked by *both* the Paragraph III certifications and the 30-month stay (see Count III, *infra*). But, at a minimum, it must be blocked by at least one.

[2] Salix raised these issues in its Supplement Brief filed on January 23, 2026 (Dkt No. 2152642) and Norwich did not address them, relegating them to a one-sentence footnote in its Reply Brief filed on January 30, 2026 (Dkt No. 2156703, n. 4.)

Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*

## PARTIES

11. Plaintiff Salix is a corporation organized and existing under the laws of California having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807. It is a wholly owned subsidiary of Bausch Health Companies, Inc., a publicly held company. Salix is the holder of approved NDAs Nos. 021361 and 022554 for 200 mg and 550 mg rifaximin tablets, which it markets and sells under the brand name XIFAXAN®.

12. Defendant FDA is an agency of the United States Government within the Department of Health and Human Services ("HHS"), with its headquarters and principal place of business at 10903 New Hampshire Avenue, Silver Spring, Maryland. FDA is responsible for ensuring the safety, efficacy, and security of drugs, biological products, and medical devices in the United States. As part of those duties, it reviews and approves New Drug Applications ("NDAs") and Abbreviated New Drug Applications ("ANDAs").

13. Defendant Robert F. Kennedy Jr. is the Secretary of HHS and is the Department's senior official. Secretary Kennedy is named in his official capacity. He maintains an office at 200 Independence Avenue, S.W., Washington, D.C.

14. Defendant Dr. Martin A. Makary is the Commissioner of Food and Drugs at FDA and is FDA's senior official. He is named in his official capacity. Dr. Makary maintains an office at 10903 New Hampshire Avenue, Silver Spring, Maryland.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over Salix's cross-claims pursuant to 28 U.S.C. § 1331 because this Action arises under the FDCA, 21 U.S.C. § 301 *et seq.*, and the APA, 5 U.S.C.

§ 551 *et seq*. They are properly asserted in this proceeding under Fed. R. Civ. P. 13(g).

16. This Court has personal jurisdiction over Defendants FDA, HHS, Commissioner Makary, and Secretary Kennedy in their official capacities as each is an agency, department, or official of the United States Government.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendant HHS resides within the district of Washington, D.C.

## STATUTORY AND REGULATORY BACKGROUND

### A. The FDCA's Timing Rules

18. For each Orange Book listed patent for a reference drug, the FDCA requires that every "application" submitted for approval of an ANDA contain a certification:

> (i) that such patent information has not been filed,
> (ii) that such patent has expired,
> (iii) of the date on which such patent will expire, or
> (iv) that such patent is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted.

21 U.S.C. §355(j)(2)(A).

19. If the ANDA applicant elects the third option—commonly referred to as a "Paragraph III certification"—FDA cannot approve the application until that patent expires. 21 U.S.C. §355(j)(5)(B)(ii).

20. If the applicant elects the fourth option and makes a "Paragraph IV" certification, a different process applies. Under 21 U.S.C. §355(j)(5)(B)(iii), if the patent holder files a patent infringement lawsuit within 45 days after receiving notice of the Paragraph IV certification, approval of the application generally is stayed for 30 months. The 30-month period begins to run from the date the patent owner and NDA holder received notice of Paragraph IV certification. *Id*.

### B. Submitting and Amending ANDAs

21. The ANDA process provides an abbreviated approval pathway for drug applications relying on a "previously approved [NDA] for a… 'listed drug'," by which the applicant must meet various criteria, including a showing that the drugs are bioequivalent. *See* 21 U.S.C. §355(j).

22. The FDCA also specifies the circumstances under which ANDA applicants may or may not amend their ANDAs after submission or supplement them after their approval. *See* 21 U.S.C. §355(j)(2)(D).

### C. FDA's Changing Policy on 30-Month Stays

23. When an amendment to an ANDA adds a Paragraph IV certification, the applicant must notify the patent owner and NDA holder of the certification. 21 U.S.C. §355(j)(5)(B). Receipt of this notice triggers a 30-month stay (assuming the patent owner timely initiates an infringement action). FDA recognizes that the 30-month stay would be triggered by a lawsuit on any patent that was listed in the Orange Book at the time of submission of the original ANDA.

24. Until 2024, FDA also recognized that a lawsuit asserting patents listed in the Orange Book before submission of an amendment or supplement to ANDAs for new strengths but after the date the original ANDA submission would trigger a 30-month stay. ▓▓▓▓▓

25. On April 5, 2024, however, FDA concluded in a memorandum to file in another matter that its prior interpretation was inconsistent with ▓▓▓▓▓

26. In this memorandum, FDA further ▓▓▓▓▓

---

3 ▓▓▓▓▓

-6-

███████████████████████████████

███████████████████████████████

█████████

27. In its 2024 memorandum, FDA did not discuss the reasonable reliance interests of parties who had relied on FDA's previous policy. *Endo Par Innovation Company, LLC et al. v. Xavier Becerra et al. and BPI Labs, LLC*, No. 24-999, at 8-13 (D.D.C. May 1, 2024).

## FACTUAL BACKGROUND

A. Salix's NDAs

28. Salix holds two separate, approved NDAs for its two rifaximin products.

29. FDA approved Salix's 200 mg rifaximin product for a TD indication in May 2004, under NDA 021361.

30. FDA approved Salix's 550 mg rifaximin product for HE indications almost six years later in March 2010, under NDA 022554. FDA subsequently approved Salix's 550 mg rifaximin product for IBS-D in May 2015 under NDA 021361, consistent with FDA's instruction to Salix to make submissions only to NDA 021361 and FDA's treatment of the two rifaximin products as a single "merged" NDA under NDA 021361.

B. Norwich's Original '369 and '370 ANDAs

31. In December 2019, Norwich submitted ANDA No. 214369 ("'369 ANDA") for 550 mg rifaximin for both HE and IBS-D indications, which contained Paragraph IV certifications to many Salix patents.

32. In response, Salix sued Norwich for patent infringement in the U.S. District Court for the District of Delaware. That litigation is detailed on pages 5 through 8 of Salix's Opposition to Summary Judgment in this case, Dkt No. 39, and Salix incorporates those pages as if fully set forth

herein.

33. In the District of Delaware litigation, the court concluded that one of Salix's patents was valid and infringed and therefore ordered that "the effective date of any final approval of Norwich's ANDA No. 214369 is to be a date not earlier than [October 2, 2029]." *Salix v. Norwich*, No. 20-cv-430 (D. Del.), Dkt. 193 ¶ 5.

34. Also in December 2019, Norwich submitted its separate '370 ANDA for 200 mg rifaximin to treat TD.

35. Norwich's submission of the '370 ANDA did not trigger patent litigation (or a 30-month stay of approval) because its application contained Paragraph III certifications and no Paragraph IV certifications. The Paragraph III certifications blocked approval of the '370 ANDA until July 2029.

    **C. Norwich's Amended '370 ANDA**

36. In an attempt to skirt the District of Delaware's final judgment on the '369 ANDA for 550 mg rifaximin, Norwich took two unusual steps.

37. First, Norwich contended that it could simply carve out the HE indication from its '369 ANDA and force FDA to immediately approve the '369 ANDA as to other indications, contravening the clear language in the District of Delaware's order. FDA followed the District of Delaware's order, Norwich unsuccessfully sued FDA, and that matter is currently the subject of a separate case on appeal in the D.C. Circuit. *See Norwich v. FDA*, No. 23-5311 (D.C. Cir.).

38. Second, Norwich took the action at issue here. In May 2024, Norwich amended its '370 ANDA (which, again, was for 200 mg rifaximin) to also include a 550 mg product.

39. As part of that amendment, Norwich for the first time added Paragraph IV certifications to the '370 ANDA for the Orange Book listed patents for XIFAXAN® 550 mg.

**D. Salix's Additional Patents**

40. In 2023, Salix was granted and submitted for Orange Book listing two new patents for XIFAXAN® 550 mg. Specifically, it submitted the '912 patent for listing in the Orange Book in February 2023 and the '571 patent for listing October in 2023.

41. Salix's new patents were listed long before Norwich's 2024 amendment introducing Paragraph IV certifications to the '370 ANDA.

42. As required to trigger a 30-month stay, Salix filed a patent infringement lawsuit asserting the '571 and '912 patents within 45 days of receipt of notice of Norwich's '370 ANDA amendment and Paragraph IV certifications. That litigation is currently pending in the U.S. District Court for the District of New Jersey.

**E. FDA's Response**

43. In 2022, FDA appropriately granted only tentative approval to Norwich's '370 ANDA as a result of Norwich's Paragraph III certifications to unexpired patents. 21 U.S.C. §§355(j)(5)(B)(ii).

44. In 2025, after Norwich's amendment to the '370 ANDA, FDA again granted only tentative approval, on the grounds that Actavis had a non-forfeited period of 180-day exclusivity that had not yet run. ▮

45. But FDA's 2025 tentative approval of the '370 ANDA failed to address several important issues with respect to Norwich's Paragraph III and Paragraph IV certifications that also impact when the '370 ANDA can receive approval.

46. First, despite FDA's treatment of the '370 ANDA as one unitary application for Norwich's 200 mg and 550 mg products, FDA has never recognized that Norwich's 2019 Paragraph III certifications block approval of the '370 ANDA "application" in its entirety, including both the

200 mg and 550 mg strengths, until 2029.

47. Second, to the extent FDA believes Norwich's 550 mg and 200 mg products are separate applications, it failed to apply a 30-month stay to the application for the 550 mg product. If Norwich's 2024 amendment adding the 550 mg product (and Paragraph IV certifications) is not part of the same "application" as the 200 mg product and therefore subject to the Paragraph III block, then a 30-month stay must be applied. The '571 and '912 patents were listed in the Orange Book before the amendment and Salix brought an action for infringement of those patents within 45 days of receiving notice of Norwich's Paragraph IV certifications, as required for a 30-month stay.

[REDACTED]

██████████████████████████████████████████████

███████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

## COUNT I

***(FDA violated the FDCA by failing to recognize that Norwich's Paragraph III certification blocks approval of its '370 ANDA until July 2029)***

53.    Salix incorporates paragraphs 1 through 52 as if fully set forth herein.

54.    FDA has asserted that Norwich's 550 mg product and its 200 mg product submissions constitute ███████████████████████████

55.     When an applicant makes a Paragraph III certification, the FDCA specifies that the entire "application" cannot "be made effective" until "the date certified."  21 U.S.C. §355(j)(5)(B)(ii).

56.     Because Norwich's ANDA for its 200 mg strength product contains a Paragraph III certification to Salix's '115 patent, FDA cannot approve Norwich's entire "application" (including the 550 mg strength) until the date of expiration of that patent—July 2029.

57.     By failing to recognize that Norwich's Paragraph III certification to the '115 patent blocks approval of Norwich's patent until July 2029, FDA violated Section 355(j)(5)(B)(ii).

## COUNT II

***(Alternatively, FDA violated the FDCA by failing to apply a 30-month Stay after Norwich's addition of a Paragraph IV certification)***

58.     Salix incorporates paragraphs 1 through 57 as if fully set forth herein.

59.     To the extent Norwich's 550 mg and 200 mg submissions are *not* the same "application," Norwich's 550 mg submission filed in May 2024 is not an amendment but instead is a separate and new application.

60.     Under 21 U.S.C. §355(j)(5)(B)(iii), a new application that makes a Paragraph IV certification cannot be "made effective" until "the expiration of the thirty-month period beginning on the date of the receipt" of the notice of the Paragraph IV notification, if a patent infringement lawsuit is brought within 45 days.

61.     Salix brought a patent infringement lawsuit within 45 days of the May 2024 amendment.

62.     [REDACTED]

███████████████████████████████████████████████

███████████████████████████████████████████████

63.　If FDA is correct that Norwich's 550 mg and 200 mg products are part of two different "applications" (the assumption on which its decision that approval of Norwich's ANDA was not blocked by its Paragraph III certification depends), then it is wrong to conclude that the '912 and '571 patents were *not* listed before the relevant "application." Both patents were listed before Norwich's May 2024 amendment that added the 550 mg product and made the Paragraph IV certifications.

64.　To the extent FDA finds that Norwich has two applications, FDA has violated 21 U.S.C. §355(j)(5)(B)(iii) by failing to apply a 30-month stay.

## COUNT III

***(FDA's change in its 30-month stay policy was arbitrary and failed to sufficiently consider reliance interests, in violation of the APA)***

65.　Salix incorporates paragraphs 1 through 64 as if fully set forth herein.

66.　FDA also erred by failing to apply a 30-month stay regardless of whether the 550 mg and 200 mg products are part of the same application, because it departed from its previous 30-month stay policy without sufficient consideration of reliance interests.

67.　████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

68.　FDA changed its policy in 2024, but it failed to adequately consider the interests of parties that had reasonably relied on its prior approach.

69. In *Endo Par Innovation Company, LLC et al. v. Xavier Becerra et al. and BPI Labs, LLC*, No. 24-999, at 8-13 (D.D.C. May 1, 2024), this Court recognized that FDA failed to consider the reliance interests engendered by its previous policy, explaining that FDA's 2024 memo describing its policy change "does not discuss any reliance interests or consider any regulatory alternatives that would conform to the statutory text while also protecting the interests of drug patent holders."

70. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

71. In giving short shrift to parties' legitimate reliance interests, FDA failed to adequately "weigh any such interests against competing policy concerns," much less consider other "alternatives" that were "within the ambit of the existing [policy]." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1913 (2020).

72. FDA's failure to adequately address reliance interests is arbitrary and capricious under Section 706(2)(A) of the APA.

**RELIEF REQUESTED**

WHEREFORE, Salix respectfully requests that this Court:

A. Enter judgment for Salix on all counts of this Complaint;

B. Declare that FDA's decision not to block approval of Norwich's '370 ANDA based on its Paragraph III certification violates 21 U.S.C. §355(j)(5)(B)(ii).

C. Declare that FDA's decision not to apply a 30-month stay violates 21 U.S.C. §355(j)(5)(B)(iii) and is arbitrary and capricious under 5 U.S.C. § 706.

D. Vacate and remand both of those decisions to FDA, with instructions to set an effective date for Norwich's '370 consistent with the FDCA and the court's opinion;

E. Award Salix its litigation costs and reasonable attorney's fees; and

F. Order such other relief as the Court may deem just and proper.

Dated: February 6, 2026                              Respectfully submitted,

<u>/s/ Douglas A. Hastings</u>
Douglas A. Hastings
Bryan M. Killian
Brendan J. Anderson
MORGAN, LEWIS &BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
T: 202-739-3000
bryan.killian@morganlewis.com

Michael J. Abernathy
Wan-Shon Lo
MORGAN, LEWIS &BOCKIUS LLP
110 North Wacker Dr.
Chicago, Ill. 60606
T: 312-324-1000

*Attorneys for Salix Pharmaceuticals, Inc.*