# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC., <br><br>   *Plaintiff*, <br><br>    v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, et al., <br><br>   *Defendants*, <br><br> TEVA PHARMACEUTICALS USA, INC., SALIX PHARMACEUTICALS, INC., <br><br>   *Intervenors*. | No. 1:25-cv-91-BAH |

**OPPOSITION TO MOTION FOR LEAVE TO FILE CROSS-COMPLAINT**

## INTRODUCTION

There are many problems with Defendant-Intervenor's Salix Pharmaceuticals, Inc.'s ("Salix") proposed cross-complaint, but at this time just one is dispositive: The Court lacks jurisdiction because the D.C. Circuit has not yet issued its mandate in this case on appeal. Salix's motion is blatantly improper.

Salix seeks leave to file a post-judgment cross-complaint raising a number of challenges to the potential approval of Plaintiff Norwich Pharmaceuticals, Inc.'s ("Norwich") Abbreviated New Drug Application No. 214370 ("'370 ANDA") while this Court's final judgment remains on appeal. But the general rule is that the pendency of an appeal deprives the district court of jurisdiction over the case. *See, e.g.*, *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997); *Mcmanus v. District of Columbia*, 545 F. Supp. 2d 129, 133 (D.D.C. 2008). That jurisdictional bar precludes Salix's attempt to file a post-judgment cross-complaint at this time, and, at a minimum, until after proceedings before the Court of Appeals conclude.

To be sure, there is a narrow exception that allows a party to litigate before the district court truly ancillary and collateral issues that cannot impact the pending appeal, like the award of attorney's fees or sanctions. But the filing of an entirely new cross-complaint is nothing like that. Norwich has not located, and Salix has not identified, a single case in which a court has permitted the filing of a post-judgment cross-complaint while the underlying case remains subject to an ongoing appeal. And while it is doubtful such a procedure could *ever* be allowed, simply examining Salix's proposed cross-complaint makes clear why it cannot be allowed *here*. Salix's proposed cross-complaint raises claims expressly premised on the appeal's outcome. And the cross-claims, if successful, would moot the appeal. Salix cannot file those cross-claims at this time.

**BACKGROUND**

This is a closed case arising from Norwich's complaint challenging the Food and Drug Administration's ("FDA") refusal to issue final approval of Norwich's '370 ANDA. Dkt. 1.

The Court entered summary judgment for Defendants and against Norwich on all claims on April 17, 2025, upholding FDA's decision refusing final approval, and concluding that FDA correctly found that an alleged 180-day exclusivity period blocked final approval. Dkt. 82. Norwich timely appealed the judgment. Dkt. 85.

Merits briefing on appeal concluded on October 29, 2025, and the case was argued on December 11, 2025. *See generally* Docket, *Norwich v. Kennedy*, No. 25-5137 (D.C. Cir.). After oral argument, the parties submitted supplemental briefing at the D.C. Circuit's instruction. *Id.* The appeal remains pending. *Id.*

**ARGUMENT**

Salix's proposed cross-complaint is improper, at a minimum, before the D.C. Circuit issues its mandate. Salix's cross-complaint undoubtedly cannot be filed at this time.

**I.   THE COURT LACKS JURISDICTION OVER THIS CASE PENDING THE ISSUANCE OF THE D.C. CIRCUIT'S MANDATE**

The general rule is that the pendency of an appeal deprives the district court of jurisdiction over the case until the mandate issues. Salix has not demonstrated that any exception to this jurisdictional bar applies. Salix's filing of a cross-complaint would be improper at this time.

Because the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal," this Court lacks jurisdiction over Salix's proposed cross-claims concerning FDA's potential approval of the '370 ANDA. *See DeFries*, 129 F.3d at 1302; *Mcmanus*, 545 F. Supp. 2d at 133. The district

2

court "does not regain jurisdiction over the aspects of the case involved in the appeal until the court of appeals issues its mandate." *Mcmanus*, 545 F. Supp. 2d at 133. That has not occurred.

Courts have explained that—especially after a final judgment—the relevant "aspects of the case involved in the appeal" are construed extremely broadly, to encompass practically every aspect of a case, except truly ancillary, collateral issues that cannot impact the appeal. Highly relevant here, courts have uniformly recognized that it is improper to modify the operative pleadings during the pendency of an appeal, including by submission of a prospective cross-claim. *See, e.g.*, *Evans v. Synopsys, Inc.*, 34 F.4th 762, 776 (9th Cir. 2022) (explaining that filing a "notice of appeal" would necessarily "divest[] [the district court] of jurisdiction to entertain the [proposed] crossclaim"); *May v. Sheahan*, 226 F.3d 876, 879-81 (7th Cir. 2000) (finding appeal from order refusing to dismiss complaint divests district court of power to accept amended complaint); *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063-64 (5th Cir. 1990) (finding district court lacked authority to allow plaintiffs to file amended complaint); *cf. McCrea v. District of Columbia*, No. 16-808, 2017 WL 11662999, at *3 (D.D.C. Oct. 23, 2017) (issuing indicative ruling that court would grant a motion to amend pleadings *if* and *after* the case was remanded). Nor may a court grant, during the pendency of an appeal, a motion to intervene, *FTC v. Yu Lin*, 66 F.4th 164, 166-168 (4th Cir. 2023), a motion to enjoin another litigation as *res judicata*, *Am. Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104, 110-11 (6th Cir. 1990), or otherwise reexamine or supplement the order or judgment from which an appeal is pending, *Rutherford v. Harris County*, 197 F.3d 173, 189-90 (5th Cir. 1999) (explaining that when appeal is filed, district court loses jurisdiction over the case, including pending motion for relief under Fed. R. Civ. P. 60(b)).

To be sure, there is a very narrow exception for truly ancillary, collateral issues, like the determination of attorney's fees or imposition of sanctions, that cannot affect the status of the case

3

on appeal. *See, e.g.*, *Smith v. Mallick*, 482 F. Supp. 2d 1, 2 (D.D.C. 2007) ("[A] court may rule on an application for attorney's fees despite the pendency of the appeal."); *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988) (sanctions). But altering the operative pleadings does not fall within this narrow exception, and Salix does not identify a single case suggesting anything like that. *See supra* at 3 (collecting cases denying amendment to pleadings).

And stepping back to first principles, it is clear why a new post-judgment cross-claim cannot fall within the narrow exception for ancillary issues. *Even absent* an appeal, a party cannot simply interject a new cross-claim into a closed case subject to a final judgment: At that point, *the pleadings are closed*, and there can be no further pleadings, including cross-claims, unless and until the judgment is set aside or vacated. *See Epps v. Howes*, 573 F. Supp. 2d 180, 186-87 (D.D.C. 2008) ("[O]nce a final judgment has been entered, an amendment to a complaint can only be granted after the requisites of Rule 59(e) or 60(b) have been satisfied."). That is, the "satisfaction of Rule 60(b)[]" for setting aside a final judgment "necessarily precedes" the question of altering the operative pleadings because, "following a final judgment, the case is closed and there is no pending pleading to amend." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213-14 (2025); *see also Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 311 (2025) (explaining that Rule 60(b) "must be addressed before any subsequent jurisdictional questions [are] considered").

There are additional reasons all this must be true of a *cross*-claim: In this post-judgment posture, there is not any operative pleading to anchor or give rise to a "cross-claim." Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence *that is the subject matter of the original action or of a counterclaim*," *i.e.*, that arises from the *operative* pleadings (emphasis added)). Rather than Norwich's complaint remaining "pending" and subject to a cross-claim, after the Court entered a

4

final judgment on all claims, the plaintiff's "original claim [wa]s extinguished and rights upon the judgment [we]re substituted for it." *Perenco Ecuador Ltd. v. Republic of Ecuador*, No. 1:19-cv-2943, 2023 WL 2536368, at *7 (D.D.C. Mar. 16, 2023) (quoting Restatement (Second) of Judgments § 18 (1982)). There is no pending pleading before the Court, nor opportunity to interject new cross-claims, without first setting aside the judgment under Rule 60(b). *See* Fed. R. Civ. P. 13(g) (requiring operative complaint); *McDonald v. Oliver*, 642 F.2d 169, 172 (5th Cir. 1981) (finding jurisdiction over cross-claim lacking after final judgment, because the "lawsuit had reached an end" without any "underlying jurisdictional basis"); *McGuire v. Neidig*, No. 14-1531, 2017 WL 1653609, at *2 (W.D. Pa. May 1, 2017) (rejecting filing of post-judgment cross-claim under Rule 60(b)).

It is obvious why Salix has not requested relief from the final judgment under Rule 60(b), much less demonstrated that *any* of the Rule 60(b) requisites are met: *This case is currently on appeal*. Courts do not have the power to grant Rule 60(b) motions to alter judgments while the judgment is on appeal. *See Brookens v. Solis*, 635 F. Supp. 2d 1, 3 n.2 (D.D.C. 2009) (observing that the "district court does not have jurisdiction to grant relief from a judgment pursuant to Rule 60(b) while a case is pending on appeal"). *Here*, granting relief under Rule 60(b), setting aside the judgment, and allowing the filing of a post-judgment cross-claim would fundamentally alter (indeed, unwind) the final judgment over which the D.C. Circuit has jurisdiction. Thus, a party cannot file a post-final-judgment *cross-claim* while the final judgment is *pending on appeal*, not only as a consequence of the rules requiring relief from a final judgment to reopen pleadings, *supra* at 4, but because doing so would necessarily disturb the appellate court's exclusive jurisdiction over the judgment. *See Evans*, 34 F.4th at 776 (explaining that filing "notice of appeal" would necessarily "divest[] [the district court] of jurisdiction to entertain the [proposed] crossclaim").

5

That is not to say this jurisdictional bar arising from the D.C. Circuit's exclusive jurisdiction will *always* exist: The appeal will conclude, and the mandate will issue. But for the time being, the appeal of this Court's final judgment remains pending, and Salix cannot interfere with that appeal through the filing of a cross-claim at this time.

**II.    THE PARTICULARS OF SALIX'S CROSS-COMPLAINT MAKE CLEAR THAT THE GENERAL RULE BARRING MODIFICATIONS TO THE PLEADINGS DURING THE PENDENCY OF AN APPEAL HAS SPECIAL FORCE HERE**

Not only would the filing of a cross-complaint at this time violate all of the interrelated doctrines discussed above, but the *particulars* of Salix's proposed cross-complaint clearly illustrate that *this* cross-complaint would impact the proceedings on appeal, and, moreover, would itself be impacted by the outcome of the proceedings on appeal. Neither is permissible.

On appeal, Norwich argued that any 180-day exclusivity period had been forfeited, and that the D.C. Circuit should reverse and instruct this Court to grant Norwich summary judgment. Norwich Br. 56-58, *Norwich v. Kennedy*, No. 25-5137 (D.C. Cir. Aug. 18, 2025).[1] In response, Salix argued that its patent rights blocked approval of the '370 ANDA, *even if* the D.C. Circuit reversed this Court's judgment and ultimately found that any 180-day exclusivity period had been forfeited. Salix Br. 12-15 (Oct. 29, 2025) ("Salix Response Br."). Specifically, Salix argued that the D.C. Circuit should not direct this Court to grant summary judgment directing immediate approval of the '370 ANDA, because on remand of the '370 ANDA to FDA, "FDA also would need to address two other outstanding issues," *i.e.*, "(1) whether the '370 ANDA is subject to a 30-month stay; and (2) whether Paragraph III certifications in the '370 ANDA preclude approval before the underlying patents expire." Salix Response Br. 12. Salix argued that FDA "must

---

[1] All references to briefing involved in the Court of Appeals refer to *Norwich v. Kennedy*, No. 25-5137.

decide" these unresolved issues. *Id.* at 13-14. Norwich in turn argued that FDA already resolved Salix's identified patent-related issues in Norwich's favor, and that those patent-related issues were not properly presented to the D.C. Circuit in any event. *See* Norwich Reply Br. 25-27 (Oct. 29, 2025).

The day after oral argument, the D.C. Circuit requested supplemental briefing on the appropriate disposition of the appeal, assuming that Defendants were to lose on the question of the appropriate legal standard to determine whether the 180-day exclusivity period was forfeited. *See* Order (Dec. 12, 2025). In response, Salix argued again that FDA cannot approve the '370 ANDA, even if the D.C. Circuit agreed with Norwich that any 180-day exclusivity period had been forfeited and did not block approval, because of two patent-related issues FDA must address on remand: (1) "FDA cannot approve ANDA '370 before the '115 patent expires because Norwich made a Paragraph III certification for that patent," and (2) "Norwich's Paragraph IV certifications trigger a 30-month stay of approval." Salix Supplemental Br. 2-5 (Jan. 23, 2026) ("Salix Supplemental Br.").

Salix now seeks leave to file a cross-complaint before this Court, re-raising *these same arguments* that legal barriers arising from Salix's patent rights block approval of the '370 ANDA. *See* Dkts. 93, 93-1. The cross-complaint propounds the identical issues that Salix raised to the D.C. Circuit, alleging, (1) "Norwich's Paragraph III certification to the '115 patent blocks approval of Norwich's patent until July 2029" and (2) "Norwich's Paragraph IV certifications to the '912 and '571 patents" require FDA to apply a 30-month stay. Dkt. 93-1 ¶¶ 4, 57, 63-64. Salix thus requests that this Court "[d]eclare that FDA's decision not to block approval of Norwich's '370 ANDA based on its Paragraph III certification violates 21 U.S.C. §355(j)(5)(B)(ii)," and "[d]eclare that FDA's decision not to apply a 30-month stay violates 21 U.S.C. §355(j)(5)(B)(iii)." *Id.* at 15.

7

The upshot is that Salix is seeking to pursue the same patent-related issues before the D.C. Circuit and this Court at the same time, while taking inconsistent positions on who should decide those issues. Before the D.C. Circuit, Salix argued that the court "must remand for FDA to address these issues" of Salix's patent rights, which FDA allegedly has not yet addressed or decided. Salix Supplemental Br. 4-5; Salix Response Br. 12-15. Meanwhile, Salix is now simultaneously seeking leave to file a cross-complaint before this Court taking the position that FDA has *already decided* these patent-related questions against Salix, and requests that the Court conclude that FDA's final decisions resolving these issues against Salix must be vacated. Dkt. 93-1 ¶¶ 4-5, 57, 63-64 & p. 15-16 (seeking to "vacate" "FDA's decision not to apply a 30-month stay" and "FDA's decision not to block approval of Norwich's '370 ANDA based on its Paragraph III certification").

Salix cannot argue for two inconsistent remedies in two courts at the same time. For example, if either *Salix or Norwich* prevailed before this Court on Salix's cross-claims that FDA erred in resolving these patent-related issues, it would *moot* Salix's ongoing arguments to the D.C. Circuit to *remand* these same issues to FDA to determine them in the first instance, because this Court would have already determined the issues that Salix has requested the D.C. Circuit remand to FDA for further consideration. If *Salix* prevailed on its cross-claims, it would moot the appeal entirely, since Salix would have (allegedly) established an independent bar to FDA approval. And conversely, if Salix prevailed *on appeal*, it would moot Salix's proposed cross-claims, or at least significantly limit/modify them, since Salix contends on appeal that Norwich's ANDA *cannot* be approved at this time, or for years, and that FDA rightly so-concluded on *unrelated* grounds.

What Salix is requesting makes no sense. Here, FDA's decision concerning the approvability or non-approvability of the '370 ANDA, and the question of which issues (if any) will be remanded to FDA for further consideration—including the patent-related issues that Salix

raises in its proposed cross-complaint—are pending before the D.C. Circuit. A district court cannot tread upon ongoing appellate proceedings in this manner. Once the D.C. Circuit issues its mandate, Salix can attempt to pursue its claims that FDA cannot approve Norwich's ANDA due to Salix's patent rights, either before FDA or this Court, to the extent consistent with the D.C. Circuit's mandate, and subject to all of the ordinary legal constraints including ripeness, standing, and so on. It cannot do so now.

To be sure, other legal doctrines will pose additional obstacles to Salix's claims, whatever form, forum, and timing they assume, and Norwich reserves the right to raise additional defects at an appropriate time. For now, this Court's lack of jurisdiction is dispositive. Salix's proposed cross-claims involve "aspects of the case involved in the appeal." *DeFries*, 129 F.3d at 1302. This Court may not simultaneously address the same issues and "alter[] the status of the case as it rests before the court of appeals." *Amarin Pharms. Ireland Ltd. v. FDA*, 139 F. Supp. 3d 437, 440 (D.D.C. 2015). This Court thus lacks jurisdiction over Salix's motion for leave and over the proposed cross-complaint while the D.C. Circuit's mandate remains forthcoming.

## CONCLUSION

For the foregoing reasons, Norwich respectfully requests that the Court deny Salix's motion.

| | |
|---|---|
| Dated: February 20, 2026 | Respectfully submitted, |
| | */s/ Andrew D. Prins* |
| Matthew S. Murphy (DDC Bar No. CT0025) | Andrew D. Prins (D.C. Bar No. 998490) |
| AXINN, VELTROP & HARKRIDER LLP | Rachael L. Westmoreland (D.C. Bar No. 90034032) |
| 90 State House Square | Halle H. Edwards (D.C. Bar No. 1780113) |
| Hartford, CT 06103 | Lia Rose Barrett (D.C. Bar No. 90008536) |
| Phone: (860) 275-8100 | LATHAM & WATKINS LLP |
| Fax: (860) 275-8101 | 555 Eleventh Street, NW |
| mmurphy@axinn.com | Suite 1000 |
| | Washington, DC 20004 |
| | (202) 637-3317 |

andrew.prins@lw.com

Nicholas L. Schlossman (D.C. Bar No. 1029362)
LATHAM & WATKINS LLP
300 Colorado Street
Suite 2400
Austin, TX 78701
(737) 910-7314
nicholas.schlossman@lw.com

*Counsel for Plaintiff*
*Norwich Pharmaceuticals, Inc.*